# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BANCIE BLACK,<br>            Appellant, | DOCKET NUMBER<br>DC-0831-14-1113-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DATE: August 3, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony J. Kaminski</u>, <u>Meghan A. Droste</u>, <u>Stephanie M. Herrera</u>, Esquire,
    Silver Spring, Maryland, for the appellant.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed, on the basis of res judicata and/or collateral estoppel, his appeal of the final decision of the Office of Personnel Management (OPM) denying his application for a Civil Service Retirement System (CSRS) annuity.  Generally, we

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 This is the appellant's second appeal regarding his eligibility for a CSRS annuity. In its second Opinion and Order on the appellant's first appeal,[2] the Board set forth a detailed account of the appellant's employment history, reviewed the pertinent statutes, and concluded that due to the October 9, 1979 date of his initial appointment by the Panama Canal Commission, he was covered by the Social Security System of the Republic of Panama and excluded from coverage under the CSRS. *Jadusingh v. Office of Personnel Management*, 91 M.S.P.R. 79, ¶¶ 10-17 (2002). In this appeal, the appellant alleged he is eligible for CSRS retirement coverage based on the court's decision in *Bell v.*

---

[2] In the first Opinion and Order on the appellant's first appeal, the Board remanded the matter to OPM for it to consider his eligibility for a CSRS annuity. *Jadusingh v. Office of Personnel Management*, 89 M.S.P.R. 52, 61 (2001), *vacated on req. for recons.*, 91 M.S.P.R. 79 (2002). In this action, the appellant omitted the name Jadusingh from his appeal form, but provided a copy of an identification card which includes his full name including Jadusingh. Initial Appeal File (IAF), Tab 1 at 18; *see* IAF, Tab 12, Initial Decision at 2 n.1. The appellant does not dispute that he filed the cited, prior appeal.

*Office of Personnel Management*, [169 F.3d 1383](#) (Fed. Cir. 1999).  IAF, Tab 1 at 5.

¶3        Noting the Board's final decision in the appellant's prior appeal, the administrative judge gave the appellant proper notice of the elements and burdens he must meet, and ordered him to show cause why his appeal should not be dismissed as barred by the doctrines of res judicata or collateral estoppel.  IAF, Tab 6.  In response, the appellant asserted that he had "new evidence showing his entitlement to CSRS benefits under a deferred annuity application" and argues that the Board improperly applied the *Bell* precedent in his prior appeal.  IAF, Tab 10 at 4.  He further argued that his appeal is not barred because he sought immediate retirement in the prior appeal and instead seeks a deferred retirement annuity in the instant appeal.  *Id.* at 8.  For that reason, in addition to his new evidence and his contrary interpretation of the precedent in *Bell*, the appellant contended that the issues in the prior appeal are not identical to those here and that this appeal should therefore not be dismissed.  *Id.* at 9-12.  The agency responded in opposition, asserting the appellant either did or could have submitted the argument and evidence at issue here in his prior appeal.  IAF, Tab 11.

¶4        Without holding a hearing, the administrative judge dismissed the appeal as barred by res judicata and collateral estoppel.  IAF, Tab 12, Initial Decision (ID). The administrative judge found that regardless of the appellant's characterization of his respective applications for retirement benefits, OPM had denied his application for an annuity in both of his appeals based on the same term of service, 1978-1999, for the same reason, i.e., he had no creditable service under the CSRS.  ID at 4-5.  Because the Board had jurisdiction over that prior, final judgment on the merits, the administrative judge found the appeal barred by the doctrine of res judicata.  ID at 5.  The administrative judge further found that because the issues in the appellant's prior appeal were identical, actually

litigated, necessary to the resulting judgment, and he was fully represented therein, the appeal is also barred by the doctrine of collateral estoppel. ID at 5-6.

¶5 In his timely-filed petition for review,[3] the appellant requests the Board to reopen his previous appeal based on the Board's statements that retirement cases are substantively different than adverse action appeals and should generally be resolved on the merits. Petition for Review (PFR) File, Tab 6 at 17. The appellant also contends that he has diligently pursued this matter since 2002, seeking assistance from numerous and varied sources, and he asserts that reopening his prior appeal is required both to address the conflict with *Bell*, and to prevent manifest injustice. *Id.* at 18-24. The appellant argues that, contrary to the Board's findings in his prior appeal, he was continuously employed by the Panama Canal Company and its successor the Panama Canal Commission during the pertinent time frame. *Id.* at 20. Specifically, he argues that he reported to work on September 30, and October 1, 1979, and that rather than allow him to work on those days, the agency retained him in a temporary leave status, did not terminate him as found in the prior appeal, and then forced him to work 10 consecutive days upon his return to avoid the need for him to use leave on September 30, and October 1. *Id.* As to *Bell*, the appellant argues that the Board erred in finding that his employment by the Panama Canal Company prior to October 1, 1979, was insufficient to demonstrate that his initial appointment by the Panama Canal Commission also occurred before that date. *Id.* at 20-21. OPM responds in opposition to the appellant's petition for review. PFR File, Tab 8.

¶6 The doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) both concern the preclusive effects of a prior adjudication and are based on similar policy concerns—to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Peartree v. U.S. Postal Service*,

---

[3] The appellant requested and received two extensions of time to file his petition for review. Petition for Review File, Tabs 1-4, 6.

66 M.S.P.R. 332, 336-37 (1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Id.* at 337. Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* Collateral estoppel, or issue preclusion, is appropriate when (1) an issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party precluded was fully represented in the prior action. *E.g.*, *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988).

¶7        We agree with the administrative judge that the elements of both res judicata and collateral estoppel, as set forth above, are satisfied here. The ultimate issue of whether the appellant's service was covered under the CSRS has been fully adjudicated and decided on the merits in a final Board decision; the issue was actually litigated by the parties in that prior action, it was necessary to the resulting judgment, and the appellant was fully represented in the proceeding. ID at 4-5; *Jadusingh*, 91 M.S.P.R. 79. Moreover, the appellant raised many of the same arguments he asserts here in his previous appeal, and to the extent he failed to do so, he could have raised those new arguments in that prior appeal, such that those arguments are now barred by res judicata. *See, e.g.*, *Peartree*, 66 M.S.P.R. at 337.

¶8        As for the allegedly new evidence the appellant proffers on review, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. Additionally, the Board

will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant makes no such showing. Moreover, even if we were to consider the appellant's arguments at this juncture, which he argues is appropriate in the context of a retirement appeal, PFR File, Tab 6 at 17, for the following reasons, those arguments do not establish that the administrative judge erred in dismissing the appeal, they do not provide sufficient reason to reopen the prior appeal, and ultimately, they do not show that he is eligible for a CSRS retirement annuity.

¶9 The appellant essentially claims that his situation would be the same as that of the petitioners in *Bell*, but for an error which caused him to have a break in service between September 29, and October 9, 1979. PFR File, Tab 6 at 5-6. He explains that he was actually on leave during this time period such that the Panama Canal Company and its successor Panama Canal Commission maintained him on the rolls during the transfer in that status. *Id.* at 6. However, even if the appellant could establish these facts, such a claim of administrative error cannot serve as the basis for the payment of an annuity when, as is the case here, the appellant does not meet the statutory requirements for that benefit. *See Killip v. Office of Personnel Management*, 991 F.2d 1564, 1569 (Fed. Cir. 1993) ("Any and all authority pursuant to which an agency may act ultimately must be grounded in an express grant from Congress."); *see also Jadusingh*, 91 M.S.P.R. 79, ¶ 17 n.5 (citing *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990) (the payment of money from the Treasury must be authorized by a statute)).

¶10 Moreover, without revisiting the Board's analysis of the statutory provisions, we observe that under the language of the treaty which effected the transfer of the Panama Canal to the Panama Canal Commission, as it is cited by our reviewing court in *Bell*, persons who were employed prior to the transfer, and

who were covered under CSRS, "shall continue to be covered by that system" until the end of their employment with the Commission. *Bell*, 169 F.3d at 1386. The appellant proffered no evidence that would indicate that he was ever covered by the CSRS. In fact, the Standard Form 50 Notification of Personnel Action which the appellant submitted with his appeal below does not indicate that he was covered by CSRS but instead indicates in block 31 that he was covered by the Panama Social Security system. *See* IAF, Tab 1 at 17. Nor does the appellant assert that he was once covered by CSRS such that he meets the cited description. Because the record does not reflect that the appellant ever worked in a position covered by the CSRS, we find that the administrative judge properly found that OPM correctly determined that he does not qualify for a retirement annuity.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:        _____

                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.